## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SUSAN E. LEE                              )        Civ. Action No.
221 N. Central Avenue, #296              )
Medford, Oregon  97501                   )
                                         )
            Plaintiff,                   )        Jury Trial Demanded
                                         )
      v.                                 )
                                         )
MARIA CINO, ACTING SECRETARY,            )
UNITED STATES DEPARTMENT OF              )
TRANSPORTATION                           )
                                         )
                                         )
            Defendant.                   )
_____ )

## COMPLAINT

### JURISDICTION AND VENUE

1.   This Court has federal question jurisdiction and venue is proper because Plaintiff

     was employed by Defendant in the District of Columbia and 180 days have

     passed since Plaintiff filed her formal EEO complaint of discrimination with the

     defendant.

### THE PARTIES

2.   Plaintiff Susan E. Lee resides at 221 N. Central Avenue #296, Medford, Oregon

     97501.

3.   On information and belief, Defendant Maria Cino, Acting Secretary, United

     States Department of Transportation, is named in her official capacity as acting

     secretary of the agency that employed Plaintiff within the U.S. Government.

## FACTS

4. Plaintiff was formerly employed as a Transportation Specialist, GS-13, Office of Highway Pricing, Office of Policy and Governmental Affairs, Federal Highway Administration, Department of Transportation.

5. This action is filed under Title VII and § 501 of the Rehabilitation Act of 1973, as amended, 20 U.S.C. § 791 et seq. ("the Rehabilitation Act") and alleges that the defendant discriminated against the Plaintiff on the basis of her disabilites, its record of her disabilities, and its perception of her as if she were disabled, by denying her reasonable accommodations and constructively discharging her from its employment, and also alleges discrimination based retaliation for initiating an EEO complaint against the Department of Transportation.

6. Plaintiff suffers from post traumatic stress disorder, migraines and a sleep disorder. These disabilities substantially limit one or more of her major life activities, including her ability to concentrate and sleep.

7. At all relevant times, Plaintiff was able to perform the essential functions of her job with reasonable accommodations.

8. Beginning in January 2004, and on numerous occasions during her employment, Plaintiff advised the Office of Policy and Governmental Affairs (hereinafter, "the agency") of her disabilities and requested that the agency to provide her with reasonable accommodations that would enable her to continue performing her job duties. During the course of her employment, Plaintiff requested a window office, an office in a quiet environment, a fragrance-free environment, an ideal office temperature of 70 degrees, an ideal office relative humidity of 50%, with an

air speed at 30 feet per minute, flexibility with regard to work arrival time and end times, and reassignment.

9.  Plaintiff provided documentation from her physicians supporting her requests for accommodations.

10. The agency denied Plaintiff's requests for accommodations.

11. The agency failed to engage in an interactive dialogue with Plaintiff regarding her requests for accommodations.

12. After Plaintiff consulted with an EEO counselor, the agency engaged in discriminatory retaliation.

13. In June 2005, the agency refused to give Plaintiff approval for a transfer to a Community Planner position. Plaintiff's second level supervisor advised Plaintiff that she would not approve the transfer until Plaintiff resolved her EEO complaints.

14. In June 2005, the agency falsely accused Plaintiff of being suicidal. She was escorted out of the office by federal agents after being detained for hours after which she was placed on administrative leave.

15. Plaintiff applied for numerous promotional opportunities but was not interviewed despite making the cert list.

16. The agency wrongfully denied Plaintiff numerous training opportunities.

17. The agency wrongfully refused to conduct a desk audit for a GS-14 promotion.

18. The agency wrongfully denied Plaintiff a cash award.

19. The agency wrongfully reassigned Plaintiff's work to others in the department.

20. The agency wrongfully requested that Plaintiff obtain a psychiatric evaluation.

21. The agency wrongfully issued Plaintiff a reprimand in March 2006.

22. The agency wrongfully issued Plaintiff a reprimand in June 2006.

23. As a result of the agency's actions, Plaintiff was diagnosed with post-traumatic stress disorder.

24. Plaintiff's physicians recommended that she be reassigned to another position as a result of her post traumatic stress disorder.

25. Plaintiff requested a reassignment to another position and provided documentation from her physicians supporting this request but defendant denied her request

26. In July 2006, the agency ordered Plaintiff to return to work against her doctors' orders.

27. The agency failed to engage in an interactive dialogue with Plaintiff regarding her requests for accommodations.

28. The agency failed to accommodate Plaintiff's disability of post-traumatic stress disorder.

29. The agency wrongfully denied Plaintiff's request to participate in the leave transfer program.

30. By and through its conduct, defendant constructively discharged Plaintiff from her employment.

31. Plaintiff has sustained damages as a result of defendant's unlawful conduct consisting of lost wages and benefits, front pay, front benefits, emotional distress, pain and suffering and mental anguish.

## COUNT 1

32. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-31.

33. By and through its conduct, defendant violated the Rehabilitation Act by denying Plantiff reasonable accommodations for her disabilities.

### COUNT 2

34. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-33.

35. By and through its conduct, defendant violated the Rehabilitation Act by discriminating against Plaintiff and constructively discharging Plaintiff from her employment because of her disabilities, its perception of her as disabled, and its record of her disabilities.

### COUNT 3

36. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-35.

37. By and through its conduct, Defendant discriminated against Plaintiff in reprisal for filing an EEO complaint in violation of the Reahabilitation Act and Title VII of the Civil Rights Act of 1964.

### JURY DEMAND

Plaintiff demands a trial by jury on each count in this complaint.

WHEREFORE, Plaintiff demands judgment against Defendant on Counts 1, 2 and 3 and seeks damages to be determined by a jury for lost wages, lost benefits, front pay, front benefits, compensatory damages for pain and suffering, mental anguish, emotional distress, a declaration that defendant violated the Rehabilitation Act and Title VII, the amount of tax on any award, reasonable attorneys' fees and costs of this suit.

Date: August 17, 2006

_____

Alan Lescht
Susan L. Kruger
Alan Lescht & Assoc., PC
1050 17th St., NW, Suite 220
Wash., D.C. 20036
Tel (202) 463-6036
Fax (202) 463-6067
Attorneys for Complainant