UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
SUSAN E. LEE,                       )
                                    )
        Plaintiff,                  )
  v.                                )  Civil Action No. 061448 (RMC)
                                    )
MARY E. PETERS, Secretary,          )
United States Department of Transportation, )
                                    )
        Defendant.[1]              )
_____)

## ANSWER

Defendant Mary E. Peters, Secretary of the United States Department of Transportation, by her undersigned counsel, hereby responds to the complaint in this matter as follows:

### First Defense

The Complaint includes certain claims upon which relief may be granted.

### Second Defense

Plaintiff failed to exhaust her administrative remedies with respect to certain claims raised in the Complaint.

### Third Defense

Defendant attempted in good faith reasonably to accommodate plaintiff. Plaintiff failed to participate reasonably in the process of determining and implementing a reasonable accommodation.

---

[1] Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, the current Secretary of Transportation, Mary E. Peters, is automatically substituted as the defendant in place of her predecessor in office, Maria Cino, who was the Acting Secretary when the Complaint was filed.

**Fourth Defense**

Plaintiff's medical conditions described in the Complaint are not disabilities, either in isolation or in combination, within the meaning of the Rehabilitation Act, 29 U.S.C. §§ 701 et seq. ("Rehabilitation Act").

**Fifth Defense**

At times, plaintiff was unable to perform certain of the essential elements of her position with or without reasonable accommodation. No reasonable accommodation was available which did not impose an undue hardship on the Department of Transportation.

**Sixth Defense**

Plaintiff has failed to mitigate her damages.

**Seventh Defense**

Defendant denies each and every allegation of the Complaint not expressly admitted in this Answer. Defendant respectfully requests and reserves the right to amend, alter and supplement the defenses contained in this answer as the facts and circumstances giving rise to the Complaint become known to it through the course of the litigation.

<u>JURISDICTION AND VENUE</u>

1.      Defendant admits that Susan E. Lee was, but is no longer, employed by the Department of Transportation in the District of Columbia and that more than 180 days have passed since Ms. Lee filed a formal complaint of discrimination, but avers that Ms. Lee's formal complaint is the best evidence of its contents. The remainder of this paragraph contains legal conclusions regarding jurisdiction and venue to which no response is required. To the extent the paragraph 1 contains any other allegations of fact, denies.

## THE PARTIES

2.    Defendant has insufficient information to admit or deny the allegation concerning Ms. Lee's residence.

3.    Defendant admits that Mary E. Peters is the Secretary of the United States Department of Transportation, who is being sued only in her official capacity, and that the Department of Transportation is an agency of the United States government.

## FACTS

4.    Admits.

5.    Paragraph 5 contains plaintiff's characterization and description of this action and legal conclusions to which no response is required. To the extent paragraph 5 contains any allegations of fact, denies.

6.    Defendant has insufficient information to admit or deny the allegation concerning Ms. Lee's health, medical condition, and impairments, if any.

7.    Denies.

8.[2]    Defendant denies the allegations in paragraph 8 of the complaint as stated, but admits that, during the course of her employment without regard to any real or perceived disability and without providing medical information to justify a request for a reasonable accommodation, the plaintiff requested a window office, a fragrance-free environment, an ideal

---

[2] Defendant notes that the Complaint defines the term "agency" in this paragraph as limited to the Office of Policy and Governmental Affairs. Defendant notes that this nomenclature is potentially confusing because the allegations in the Complaint extend to a time when plaintiff's team was re-aligned from the Office of Policy and Governmental Affairs to the Office of Operations. Accordingly, defendant does not adopt the plaintiff's definition or use of the term "agency" in its Answer. References herein to the "agency" are to the Department of Transportation.

office temperature of 70 degrees, an ideal office relative humidity of 50%, with an airspeed of 30 feet per minute, flexibility with regard to work arrival time and end time, and reassignment.

9. Denies as stated, but avers that the plaintiff provided some medical information during her employment.

10. Denies, and avers that plaintiff never made a request for a reasonable accommodation of a disability, and further avers that the plaintiff's supervisors granted the plaintiff's requests for, among other things, a telephone headset, a window office, as much flexibility in work hours as permitted by the agency's policy. Defendant further avers that it permitted the plaintiff to telecommute during May and June, 2005, arranged details for her to other offices, and that it conducted an ergonomic assessment and, as a result, provided plaintiff a particular chair, a desk and an office with a window.

11. Denies, and avers that plaintiff never initiated the interactive process for the consideration of reasonable accommodation of any disability.

12. Denies.

13. Defendant denies that the plaintiff requested transfer to a Community Planner position in June 2005 as a reasonable accommodation for any disability. Defendant further avers that to the extent that plaintiff refers to the selection of a Community Planner, GS-0020-13 advertised under Vacancy Announcement Number FLKFL-MPP-2005-0040 and located in Lakewood, Colorado, defendant admits that the plaintiff was not selected in July, 2005. With respect to the allegations in the second sentence, denies.

14. Defendant admits that her supervisor and co-workers became concerned that plaintiff might harm herself in June, 2005 after plaintiff stated that she was depressed and, on

June 14, 2005, became extremely upset at work and made statements indicating that she felt suicidal and was going to do something about it and proceeded to lock herself in her office and refused to come out.  Defendant avers that emergency personnel were called on June 14, 2005, and that plaintiff was escorted by them from the agency's premises and placed on administrative leave.  Defendant denies that plaintiff was detained by any of its employees.

15.   Defendant lacks sufficient knowledge or information to form a belief as to the applications plaintiff may have made for positions within the Department of Transportation because plaintiff has failed to specify any positions or vacancy announcements, and so denies.

16.   Denies.

17.   Denies.

18.   Denies.

19.   Defendant admits that plaintiff's work was reassigned to other members of the staff in her department when plaintiff failed to complete her assigned work in a satisfactory and timely manner and while plaintiff was on administrative leave, but otherwise denies.

20.   Defendant admits that it issued a Memorandum dated June 15, 2005 to plaintiff which requested that plaintiff obtain a psychiatric evaluation to be administered by plaintiff's own health care provider before returning to work and that plaintiff provide medical documentation to the agency.  Defendant avers that the June 15, 2005 Memorandum is the best evidence of its contents, and denies that its request was in any way wrongful or unreasonable based on plaintiff's conduct prior to and on June 14, 2005.

21.   Denies.

22.   Denies

23.     Defendant lacks sufficient information to form a belief as to whether plaintiff has ever been diagnosed with post-traumatic stress disorder, and denies that its actions or omissions caused plaintiff any harm, including causing her to suffer from post-traumatic stress disorder.

24.     Defendant lacks sufficient knowledge or information to form a belief as to what plaintiff's unidentified physicians ever recommended or on what basis, and so denies.

25.     Defendant admits that plaintiff requested re-assignment to a position located in Oregon, but denies that she made it as a request for a reasonable accommodation of a disability, denies that the agency was ever provided medical documentation sufficient to support such a request as one for reasonable accommodation.  Defendant further avers that it arranged multiple details for plaintiff at her request and that she declined them and otherwise supported plaintiff's request for details, and otherwise denies the remainder of the allegations in paragraph 25.

26.     Denies as stated, but avers that in or around July, 2006, defendant was discussing with plaintiff conditions under which she could return to work.

27.     Denies.

28.     Paragraph 28 contains conclusions of law to which no response is required.  To the extent paragraph 28 contains allegations of fact, denies.

29.     Denies.

30.     Denies.

31.     Denies.

## COUNT 1

32.     Defendant repeats and realleges the responses to the allegations set forth in paragraphs 1-31.

33.     Denies.

## COUNT 2

34.     Defendant repeats and realleges the responses to the allegations set forth in paragraphs 1-33.

35.     Denies.

## COUNT 3

36.     Defendant repeats and realleges the responses to the allegations set forth in paragraphs 1-35.

37.     Denies.

## JURY DEMAND

No response is required to plaintiff's demand for a jury trial.

The remainder of the Complaint contains plaintiff's prayer for relief to which no response is required. Insofar as a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. In particular, Defendant denies that Plaintiff is entitled to recover any damages in connection with the actions alleged in the Complaint; however, if any damages are recovered, the amount of those damages is subject to and limited by 42 U.S.C. § 1981a and punitive damages may not be recovered. Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation in the Complaint.

Defendant, having fully answered, respectfully requests that this action be dismissed with prejudice and that the Court grant such other and further relief as may be deemed appropriate, including all costs as may be taxed pursuant to 28 U.S.C. § 1920.

Dated: December 20, 2006.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/_____
JANE M. LYONS  D.C. Bar # 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161