UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN E. LEE,  )<br>  )<br>    Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>MARY E. PETERS,[1]  )<br>Secretary, United States Department of  )<br>Transportation,  )<br>  )<br>    Defendant.  )<br>  ) | Civil Action No. 06-1448 (RMC) |

## SCHEDULING ORDER

Upon consideration of the joint report of the parties submitted pursuant to LCvR 16.3(d), and after a scheduling conference held in open Court on November 19, 2007, it is hereby **ORDERED** that:

1. Plaintiff's designation of experts pursuant to Fed. R. Civ. P. 26(a)(2) shall be made no later than April 15, 2008. Plaintiff's expert reports shall be issued no later than June 2, 2008. Defendant's designation of experts shall be made no later than June 2, 2008. Defendant's expert reports should be issued no later than July 15, 2008.

2. Each party is limited to a maximum of five (5) depositions for fact witnesses, each deposition lasting no more than seven (7) hours.

3. Each party is limited to a maximum of twenty-five (25) interrogatories, including discrete subparts. Responses to all interrogatories shall be made thirty (30) days after service.

4. Each party is limited to a maximum of twenty-five (25) requests for admissions, including

---

[1] Mary E. Peters is substituted for her predecessor as Secretary of the United States Department of Transportation in this matter pursuant to Fed. R. Civ. P. 25(d).

      discrete subparts. Responses to all requests for admissions shall be made thirty (30) days after service.

5. All fact discovery shall be completed no later than May 15, 2008.

6. All expert discovery shall be completed no later than September 15, 2008.

7. Discovery material shall not be filed with the Court unless so ordered. *See* LCvR 5.2(a).

8. Counsel are expected to conduct themselves in a civil, polite, and professional manner at all times, particularly during discovery. Counsel are referred to LCvR 26.2 and expected to conform fully with its directives. Moreover, counsel are required, under both Fed. R. Civ. P. 26(f) and LCvR 7.1(m), to confer in good faith in an effort to resolve any discovery dispute before bringing it to the Court's attention. In the event that counsel are unable to resolve a dispute, counsel shall contact chambers to arrange for a telephone conference with the Court. Counsel shall not file discovery motions without a prior telephone conference with the Court and opposing counsel.

9. A further status conference is scheduled for 10:00 a.m. on May 29, 2008, at which time a schedule for dispositive motions, pretrial conference date, and a trial date will be set. Counsel shall be prepared at the status conference to advise the court of the expected length of trial and of the number of fact and expert witnesses each party will present. Trial counsel shall appear at all hearings, unless excused by the court in advance of the hearing date.

10. Counsel are expected to evaluate their respective cases for settlement purposes. Submission to alternative dispute resolution, *e.g.*, mediation or neutral evaluation, is encouraged and available by request of the Court at any time, as is a settlement conference before a

      Magistrate Judge. If the case settles, in whole or in part, Plaintiff's counsel shall advise this Court by promptly filing a stipulation.

11.    This schedule shall not be modified, even where all parties consent, except upon a showing of good cause and by leave of the Court. *See* Fed. R. Civ. P. 16(b); LCvR 16.4(b).

      **SO ORDERED.**


Date: November 20, 2007                           /s/
                                                          ROSEMARY M. COLLYER
                                                          United States District Judge