UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SUSAN E. LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1448 |
| | ) | |
| RAY LAHOOD, Secretary, | ) | |
| United States Department of Transportation, | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATION OF SETTLEMENT AND DISMISSAL

Plaintiff, Susan E. Lee, and defendant, the Secretary of the Department of Transportation, by and through the United States Attorney for the District of Columbia, hereby agree and stipulate that the above-captioned civil action shall be settled and dismissed on the following terms:

1.    Settlement Payment.  Defendant shall pay plaintiff the total sum of Forty Thousand Dollars ($40,000).  This payment shall be made by an electronic transfer of funds as specified in instructions provided to defendant's counsel by plaintiff's counsel in writing.  Payment shall be made as promptly as practicable, consistent with the normal processing procedures followed by the Department of Justice and the Department of the Treasury, following the dismissal of the above-captioned civil action pursuant to Paragraph 5 hereof.  Plaintiff and plaintiff's counsel shall co-operate with defendant to ensure that all documentation required to process this payment is complete and accurate.

This payment is inclusive of plaintiff's attorney's fees, costs, and other litigation expenses, and defendant shall have no further liability for those fees, costs, and expenses. Plaintiff and plaintiff's counsel shall be responsible for the distribution of the payment among themselves.

  2. <u>Expungement of Records</u>. Within seven days of the Court's entry of this Stipulation, Defendant will expunge and permanently remove all copies of any letters of counseling or reprimand from plaintiff's Official Personnel Folder. Nothing contained herein shall prevent either the Agency's Office of Chief Counsel or the United States Attorney's Office from keeping any documents currently in its litigation files for the above-captioned civil action or from disclosing and using those documents or copies thereof in accordance with applicable laws and regulations. However, within forty-five days of the Court's entry of this Stipulation, the Agency's Office of Chief Counsel and the United States Attorney's Office will destroy all copies of Plaintiff's medical records that they obtained during the course of this litigation.

  3. <u>References</u>. Defendant agrees to provide plaintiff with the letter of reference attached as Exhibit A hereto, executed by Defendant's Office of Human Resources. Neither the Agency nor any of its past, present or future employees shall be constrained in any way by this Stipulation with respect to how they respond to any future inquiries they may receive regarding Plaintiff or her employment by the Agency.

  4. <u>Certification</u>. Plaintiff represents that she has read this Stipulation, that she has been given a reasonable period of time within which to consider the terms of the

settlement agreement set forth herein and to consult with an attorney of her choice about

those terms, and that she has signed this Stipulation of her own free will, without threat,

coercion, or promise of any future consideration, and with knowledge of the meaning and

effect of its provisions.

5.      Dismissal with Prejudice.  Defendant's counsel shall file this Stipulation

with the Court promptly after the Stipulation has been signed by all parties hereto, and

such filing shall constitute a dismissal of the above-captioned civil action with prejudice

pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), except that the Court shall retain jurisdiction

to enforce the terms of this Stipulation.

6.      Release.  This Stipulation provides for the full and complete satisfaction of

all claims which have been or could have been asserted by plaintiff in the above-

captioned civil action, including without limitation all claims for compensatory damages,

back pay, front pay, costs, attorney's fees, and interest or other compensation for delay,

and plaintiff agrees not to hereafter assert any claim or institute or prosecute any civil

action or other proceeding against the defendant, the Agency, or the United States, its

agencies or officials, or its present or former employees or agents, in either their official

or individual capacities, with respect to any event complained of therein.  Plaintiff further

hereby fully and forever releases and discharges the defendant, the Agency, and the

United States, its agencies and officials, and its present and former employees and agents,

in their official and individual capacities, from any and all rights and claims of every

kind, nature, and description, whether presently known or unknown, which plaintiff now

has or may have arising out of or in connection with any event occurring on or before the date on which she has executed this Stipulation, including without limitation any rights or claims under Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973, as amended and currently in effect.  In connection with this release, plaintiff acknowledges that she is aware that she may hereafter discover rights or claims presently unknown and unsuspected, or facts in addition to or different from those which she now knows with respect to the rights and claims released herein.  Nevertheless, plaintiff agrees, through this Stipulation, to settle and release all such rights and claims. Notwithstanding the above, through this Stipulation, Plaintiff is not waiving her right to pursue two workers compensation cases that she has filed and that are presently pending. Those two cases bear the following file numbers: 252060637 and 252063418.  Nor is the Agency waiving its right to defend itself in connection with those two cases. Other than the above two workers compensation cases, Plaintiff is fully and forever releasing and discharging the defendant, the Agency, and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from any and all rights and claims of every kind, nature, and description, whether presently known or unknown, which plaintiff now has or may have arising out of or in connection with any event occurring on or before the date on which she has executed this Stipulation.

      7.    <u>No Assignment</u>.  Plaintiff represents and warrants that she is the sole lawful owner of all the rights and claims which she has settled and released herein, and that she

has not transferred or assigned any of those rights and claims or any interest therein. Plaintiff shall indemnify, hold harmless, and defend the defendant, the Agency, and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from and against any transferred, assigned, or subrogated interests in those rights and claims.

8.     No Admission of Liability.  This Stipulation has been entered into by plaintiff and defendant solely for the purposes of compromising disputed claims without protracted legal proceedings and avoiding the expense and risk of such litigation. Therefore, this Stipulation is not intended and shall not be deemed an admission by either party of the merit or lack of merit of the opposing party's claims and defenses.  Without limiting the generality of the foregoing, this Stipulation does not constitute, and shall not be construed as, an admission that defendant, the Agency, or any of the Agency's present or former employees or agents violated any of plaintiff's rights or any laws or regulations, or as an admission of any contested fact alleged by plaintiff in connection with this case or otherwise.  This Stipulation may not be used as evidence or otherwise in any civil or administrative action or proceeding against defendant, the Agency, or the United States or any of its agencies or officials or present or former employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

9.     Tax Consequences.  Plaintiff acknowledges that she has not relied on any representations by defendant or defendant's employees or agents as to the tax

-5-

consequences of this Stipulation or any payments made by or on behalf of defendant

hereunder.  Plaintiff shall be solely responsible for compliance with all federal, state, and

local tax filing requirements and other obligations arising from this Stipulation that are

applicable to plaintiff.

10.     Entire Agreement.  This Stipulation contains the entire agreement between

the parties hereto and supersedes all previous agreements, whether written or oral,

between the parties relating to the subject matter hereof.  No promise or inducement has

been made except as set forth herein, and no representation or understanding, whether

written or oral, that is not expressly set forth herein shall be enforced or otherwise be

given any force or effect in connection herewith.

11.     Amendments.  The terms of this Stipulation may not be modified or

amended, and no provision hereof shall be deemed waived, except by a written instrument

signed by the party to be charged with the modification, amendment, or waiver.

12.     Construction.  The parties acknowledge that the preparation of this

Stipulation was collaborative in nature, and so agree that any presumption or rule that an

agreement is construed against its drafter shall not apply to the interpretation of this

Stipulation or any term or provision hereof.

13.     Headings.  The paragraph headings in this Stipulation have been inserted

for convenience of reference only, and shall not limit the scope or otherwise affect the

interpretation of any term or provision hereof.

14.     <u>Further Assurances</u>.  Each party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Stipulation.

15.     <u>Right to Cure</u>.  If either plaintiff or defendant at any time believes that the other party is in breach of this Stipulation, that party shall notify the other party of the alleged breach.  The other party shall then have thirty (30) days to cure the breach or otherwise respond to the claim.  The parties shall make a good faith effort to resolve any dispute arising from or regarding this Stipulation before bringing the dispute to the Court's attention.

16.     <u>Notices</u>.  Any notice required or permitted to be given pursuant to this Stipulation shall be in writing and shall be delivered by hand, or transmitted by fax or by e-mail, addressed as follows or as each party may subsequently specify by written notice to the other:

-7-

If to plaintiff:      Susan L. Kruger, Esq.
Alan Lescht & Associates, P.C.
1050 17th Street, N.W.
Suite 220
Washington, D.C. 20036
(301) 325-6663
(202) 463-6067 (fax)

If to defendant:    Adam Sleeter
Federal Highway Administration
Office of the Chief Counsel HCC-40
U.S. Department of Transportation
1200 New Jersey Avenue SE
Washington, D.C. 20590
East Building E82-124
(202) 366-8839
(202) 366-7499 (fax)
adam.sleeter@dot.gov

with copy to:       Christopher B. Harwood
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0372
(202) 514-8780 (fax)

17.    <u>Execution</u>. This Stipulation may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. A facsimile or other duplicate of a signature shall have the same effect as a manually-executed original.

18.    <u>Governing Law</u>. This Stipulation shall be governed by the laws of the District of Columbia, without regard to the choice of law rules utilized in that jurisdiction, and by the laws of the United States.

19.     <u>Binding Effect</u>.  Upon execution of this Stipulation by all parties hereto, this Stipulation shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, administrators, successors, and assigns.  Each signatory to this Stipulation represents and warrants that he or she is fully authorized to enter into this Stipulation.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed this Stipulation on the dates shown below.

SUSAN E. LEE
Plaintiff

Date: July 3, 2009

SUSAN KRUGER
Susan L. Kruger, Esq.
Alan Lescht & Associates, P.C.
1050 17th Street, N.W.
Suite 220
Washington, D.C. 20036
(301) 325-6663
(202) 463-6067 (fax)

CHANNING PHILLIPS
D.C. Bar # 415793
Acting United States Attorney

RUDOLPH CONTRERAS
D.C. Bar # 434122
Assistant United States Attorney

CHRISTOPHER B. HARWOOD
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0372
(202) 514-8780 (fax)

Date: July 9, 2009          Date: July 15, 2009

SO ORDERED on this 15 day of _July_, 200___

UNITED STATES DISTRICT JUDGE

-10-



U.S. Department
of Transportation

**Federal Highway
Administration**

1200 New Jersey Ave., SE
Washington, D.C. 20590

June 23, 2009

To Whom It May Concern:

Ms. Susan Lee was employed by the Federal Highway Administration from May 5, 2002 until July 15, 2006, at the Headquarters location in Washington, DC.

During her tenure at DOT, Ms. Lee served in the following positions:

• Community Planner, Grade 12, from 5/2002 until 6/2003;
• Community Planner, Grade 13, from 6/2003 until 1/2004;
• Transportation Specialist, Grade 13, from 1/2004 until her resignation.

Ms. Lee resigned for personal reasons on July 15, 2006.

Ms. Lee was promoted during her tenure at FHWA, and received every within grade increase. In addition, all of her performance appraisals were at the "Meets or Exceeds Standards" level.

If you have any questions regarding this information, please call me at 202-366-1185.

Sincerely yours,

Melissa S. Hatfield
Lead, Employee Relations, and Personnel Security





GOVERNMENT
EXHIBIT

A